IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL PRESLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-259-A |
| | ) |
| ALBERTO R. GONZALEZ, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Michael Presley, an inmate confined at the Maxwell Federal Prison Camp, initiated this case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In this petition, Presley challenges convictions entered against him by the United States District Court for the Eastern District of Tennessee on July 20, 2000.[1] The petitioner was sentenced to ninety-four (94) months imprisonment on these convictions.[2]

In the instant petition, Presley asserts that he is actually innocent of the firearm possession charge because he was not convicted of the underlying drug trafficking offense and argues that counsel was therefore ineffective for allowing him to enter a guilty plea to such charge. Additionally, the petitioner argues that he "is being denied the benefit of early

---

[1]Upon entry of a guilty plea, the petitioner was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 841 and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). *See Petition for Writ of Habeas Corpus* at 5.

[2]Presley received a sentence of 34 months on the possession conviction and the mandatory 60-month consecutive sentence for the firearm conviction.

release pursuant to 18 U.S.C. § 3621(e) . . . by virtue of a policy statement . . . that has been found to be in violation of the Administrative Procedure Act[] . . . and therefore invalid . . . to preclude Petitioner's early release . . ." *Petition for Writ of Habeas Corpus* at 8.

## I. DISCUSSION

To the extent that the instant petition contains claims attacking the legitimacy of the firearm conviction, Presley may not proceed before this court on a habeas petition filed under 28 U.S.C. § 2241. The law is well settled that 28 U.S.C. § 2255 is the exclusive remedy for an inmate who seeks to challenge the validity of a federal conviction, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention." *28 U.S.C. § 2255*.

With respect to those claims challenging the legality of the firearm conviction, it appears from the pleadings filed by the petitioner that this action is filed pursuant to § 2241 in an attempt to circumvent the applicable one-year period of limitation and/or the constraint on successive petitions contained in 28 U.S.C. § 2244(b)(3)(A).[3] However, under no circumstances can this court countenance the petitioner's circumvention of the procedural gatekeeping provisions contained in the AEDPA. Consequently, since the

---

[3]"A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. "Before a second or successive [28 U.S.C. § 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

instant petition is filed under the erroneous premise that relief under § 2241 is appropriate as the applicable limitation period and/or the successive petition bar have rendered § 2255 inadequate or ineffective to challenge the legality of the petitioner's detention, the court concludes that Presley is entitled to no relief on those claims challenging the constitutionality of his firearm conviction.

The petition and supporting argument demonstrate that the petitioner's claims may be barred from review in a § 2255 motion before the United States District Court for the Eastern District of Tennessee by the AEDPA's gatekeeping provisions on untimely and successive petitions. The Court of Appeals has determined that the inadequate and ineffective "savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). All the Constitution requires, if it requires anything, is that a reasonable opportunity existed through which an inmate could have pursued judicial relief on his claims. *Id.*

The petitioner's claims are not premised upon a Supreme Court decision issued after his convictions which was made retroactively applicable, nor was Presley "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior

circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245.

Moreover, the petitioner was not foreclosed by pertinent federal law from presenting the claims now before this court at the time these claims otherwise should have been raised. The pleadings filed herein establish that Presley was provided the requisite procedural opportunity to raise the instant habeas claims challenging the constitutionality of his firearm conviction and have such claims decided either by the trial court, on direct appeal or in a properly filed § 2255 motion. That opportunity is all the Constitution requires. *Id*. at 1244.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA. *See Wofford*, 177 F.3d at 1245. "[T]he savings clause . . . does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts --through statutes like the AEDPA-- to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255.

Such a holding would effectively eviscerate Congress's intent in amending §

2255."); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ").

In light of the foregoing, the court concludes that the petitioner's claim of actual innocence to the firearm charge and his challenge to the assistance provided by counsel during the guilty plea proceeding are not cognizable in a § 2241 petition.

## II.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petitioner's claim of actual innocence and his allegation of ineffective assistance of counsel be dismissed with prejudice as such claims go to the validity of the firearm conviction and are not properly before this court in a 28 U.S.C. § 2241 petition for habeas corpus relief.

2. The petitioner's claim challenging the denial of early release be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before April 6, 2005 the parties shall file any objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of March, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE